# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| JOSE RAMIREZ, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. |
| | ) |
| THE PARTHENON RESTAURANT INC., | ) |
| an Illinois Corporation, and CHRISTOS | ) |
| LIAKOURAS, JOANNA LIAKOURAS, | ) |
| SOTIRIS STASINOS, Individuals | ) |
| | ) |
| Defendants. | ) |
| | ) |

## COMPLAINT

NOW COMES Plaintiff Jose Ramirez ("Plaintiff"), by and through his attorneys, Illinois Advocates, LLC, for his Complaint against Defendants, The Parthenon Restaurant, Inc., Christos Liakouras, Joanna Liakouras, and Sotiris Stasinos, states:

### Parties, Jurisdiction and Venue

1. Plaintiff is an individual residing at all relevant times in Cook County, Illinois.

2. The Parthenon Restaurant, Inc. (the "Restaurant") at all relevant times was a corporation operating in Cook County, Illinois.

3. The Restaurant operated a Greek diner on Halsted Avenue in Chicago.

4. The Restaurant maintained its principal place of business at 314 S. Halsted St., Chicago, IL 60661.

5. Christos Liakouras managed the Restaurant. His duties included managing the Restaurant's employees, including Plaintiff, and overseeing the day-to-day operations of the business.

6. Joanna Liakouras managed the Restaurant. Her duties included managing the Restaurant's employees, including Plaintiff, and overseeing the day-to-day operations of the business.

7. Sotiris Stasinos was the head Chef at the Restaurant. His duties included supervising the cooks and other kitchen staff, including Plaintiff.

8. Christos Liakouras was at all relevant times the largest shareholder and President of The Parthenon Restaurant and in this capacity exercised the ultimate authority over Restaurant operations.

9. Additionally, Joanna Liakouras and Sotiris Stasinos were at all relevant times part owners in The Parthenon Restaurant, and in that capacity exercised control attendant to their rights as shareholders.
10. All acts complained of herein occurred and arose in Cook County, Illinois.

## General Allegations

11. Plaintiff worked for the Restaurant for approximately thirty-five (35) years.
12. Plaintiff worked approximately forty-eight (48) hours per week as a cook for the Parthenon Restaurant.
13. On a multitude of occasions, Defendants failed to pay Plaintiff overtime pay of time and one-half for hours worked over forty.
14. In or around September 5, 2016, without notice to Plaintiff, the restaurant closed and Plaintiff was laid off.
15. During Plaintiff's time working at the Parthenon, a number of his paychecks were dishonored for lack of sufficient funds. *Attached as Exhibit A are copies of these paychecks, and are incorporated by reference herein*. These checks are herein denoted as the "NSF checks."
16. Plaintiff was never re-issued a replacement check or any other compensation for the pay that was due him for the NSF checks in Exhibit A.
17. Plaintiff was never reimbursed any NSF fees he incurred when the checks attached in Exhibit A were dishonored.
18. Additionally, Plaintiff was never paid his final compensation after the Restaurant closed.
19. Plaintiff has requested his unpaid compensation from Defendant's numerous times and has yet to receive any payment.
20. As part of his compensation arrangement with Defendants, Plaintiff acquired three weeks of paid time off for vacation per year.
21. At the time the Restaurant closed, Plaintiff had accumulated nine (9) weeks of vacation time.
22. Despite due demand, Plaintiff was never compensated for this vacation time.

## Count I

*Violation of the Illinois Wage Payment and Collection Act*

23. Allegations stated *supra* are hereby re-alleged as if fully set forth herein.
24. The Illinois Wage Payment and Collection Act ("IWPCA"), 820 ILCS 115/3 requires that all wages earned by any employee during a weekly pay period shall be paid not later than 7

days after the end of the weekly pay period in which the wages were earned.

25. Additionally, Section 5 of the IWPCA requires that an employer pay the final compensation of separated employees in full at the time of separation if possible, but in no case later than the next regularly scheduled payday for such employee. Also, it requires that vacation time earned but not used be paid to the employee as part of his or her final compensation.
26. Defendants are in violation of the Illinois Wage Payment and Collection Act.
27. At the time the Restaurant closed, Defendants owed Plaintiff a total of $6,910.56 in back pay (resulting from the dishonor of the checks in Exhibit A), plus $680.00 in final compensation, plus $3,600.00 in vacation pay, for a total of $11,190.56.
28. The IWPCA provides that in a successful action by an employee to enforce his rights under the Act, he may recover, in addition to the pay due, statutory damages in the amount of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. 820 ILCS 115/14(a). As of February 23, 2017, statutory damages in the amount of $4,443.15 have accrued pursuant to this provision of the IWPCA. Further statutory damages continue to accrue.
29. Additionally, the IWPCA provides that an employee who prevails in a suit under the IWPCA is entitled to attorney fees and costs of suit. 820 ILCS 115/14(a).
30. Restaurant is an "employer" as defined under the IWPCA and is liable as such for any liability hereunder.
31. Additionally, as alleged *supra*, the remaining Defendants exercised discretion and control over the Restaurant such that they knowingly permitted the Restaurant to violate the IWPCA as alleged herein. As such, these defendants are jointly and severally liable with the Restaurant for the violations of the IWPCA alleged herein. 820 ILCS 115/13.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in his favor and against all Defendants named herein, jointly and severally, for $11,190.56 in actual damages, statutory damages and Plaintiffs' court costs and reasonable attorney fees pursuant to Section 14 of the IWPCA.

## Count II
*Violation of the Fair Labor Standards Act-Overtime*

32. Allegations stated *supra* are hereby re-alleged as if fully set forth herein.
33. The Fair Labor Standards Act ("FLSA") 29 U.S.C § 207 requires an employer to pay its employee time and one half for all hours worked over 40 hours per week, unless the

employee falls into a category, which exempts them from the Act.

34. Plaintiff does not fall within any exemption for the FLSA overtime mandate.
35. Plaintiff worked, on average, 48 hours per week in his position as chef at the Restaurant.
36. Plaintiff was never compensated at time and one half for hours worked over 40 hours in a week.
37. As a result of Defendants' failures to compensate Plaintiff for overtime as required by the FLSA, Plaintiff suffered actual damages in the amount of $7,336.00.
38. Additionally, the FLSA provides that an employee who prevails in a suit under the FLSA is entitled to attorney fees and costs of suit. 29 U.S.C § 216(b).

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in his favor and against Defendants, for $7,336.00 and Plaintiff's court costs and reasonable attorney's fees pursuant to Section 216 of the FLSA.

## Count III

*Violation of the Illinois Minimum Wage Law-Overtime*

39. Allegations stated *supra* are hereby re-alleged as if fully set forth herein.
40. The Illinois Minimum Wage Law, 820 ILCS 105/4, provides that no employer shall employ any of his employees for a workweek of more than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than 1 1/2 times the regular rate at which he is employed.
41. The Illinois Minimum Wage Law provides exemptions for administrative, executive and professional employees as defined by the FLSA.
42. Defendants were in violation of the Illinois Minimum Wage Law.
43. Plaintiff did not meet the required tests for the above referenced exemptions.
44. The Illinois Minimum Wage Law provides that in a successful action by an employee to enforce his rights under the Act, he may recover, in addition to the pay due, statutory damages in the amount of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid. 820 ILCS 105/12(a). As of March 8, 2017, statutory damages in the amount of $3,021.76 have accrued pursuant to this provision of the Illinois Minimum Wage Law. Further statutory damages continue to accrue.

45. Additionally, the Illinois Minimum Wage Law provides that an employee who prevails in a suit under the Illinois Minimum Wage Law is entitled to attorney fees and costs of suit. 820 ILCS 105/12(a).
46. As a result of Defendants' failures to compensate Plaintiff for overtime as required by the Illinois Minimum Wage Law, Plaintiff suffered actual damages in the amount of $7,336.00.
47. The Restaurant is an "employer" as defined by the Illinois Minimum Wage Act.
48. By virtue of their roles and ownership position at the Restaurant as stated *supra*, each and every one of the individual Defendants meets the definition of "Employer" under the Illinois Minimum Wage Act. As such, each Defendant is jointly and severally liable for damages under this count.

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in his favor for $7,336.00 in actual damages, statutory damages and Plaintiffs' court costs and reasonable attorney fees pursuant to Section 12 of the Illinois Minimum Wage Law.

## Count IV

*Breach of Contract*

49. Allegations stated supra are hereby re-alleged as if fully set forth herein.
50. A contract existed between the Plaintiff and Defendants wherein Plaintiff performed work as a cook in Defendants' restaurant and in return for Plaintiff's work Defendants promised to compensate him for the agreed upon rates.
51. Plaintiff performed all of his obligations under the contract.
52. Defendants failed to perform their obligations under the contract in that they (1) failed to compensate Plaintiff for wages due represented by the dishonored checks attached hereto as Exhibit A; (2) failed to make any payment of wages due Plaintiff at the time the Restaurant closed; and (3) failed to compensate for unused vacation time Plaintiff had accumulated by the time the Restaurant closed.
53. As a result of said breaches of Defendants' breach of its contract with Plaintiff, Plaintiff suffered damages in the amount of $11,190.56.

For this breach of contract, the Plaintiff respectfully requests this Court to enter judgement in his favor in the amount of $11,190.56.

## Counts V-XVIII

*Deceptive Practices in Violation of 720 ILCS 5/17-1(B)*

54. Allegations stated supra are hereby re-alleged as if fully set forth herein.

55. 720 ILCS 5/17-1(B) states:

   A person commits a deceptive practice when:

   (1) With intent to obtain control over property or to pay for property, labor or services of another, or in satisfaction of an obligation for payment of tax under the Retailers' Occupation Tax Act or any other tax due to the State of Illinois, he or she issues or delivers a check or other order upon a real or fictitious depository for the payment of money, knowing that it will not be paid by the depository. The trier of fact may infer that the defendant knows that the check or other order will not be paid by the depository and that the defendant has acted with intent to defraud when the defendant fails to have sufficient funds or credit with the depository when the check or other order is issued or delivered, or when such check or other order is presented for payment and dishonored on each of 2 occasions at least 7 days apart. In this paragraph (B)(1), "property" includes rental property (real or personal).

   (2) He or she issues or delivers a check or other order upon a real or fictitious depository in an amount exceeding $150 in payment of an amount owed on any credit transaction for property, labor or services, or in payment of the entire amount owed on any credit transaction for property, labor or services, knowing that it will not be paid by the depository, and thereafter fails to provide funds or credit with the depository in the face amount of the check or order within 7 days of receiving actual notice from the depository or payee of the dishonor of the check or order. "a person commits a deceptive practice when: (1) with intent to obtain control over property or to pay for property, labor or services of another, or in satisfaction of an obligation for payment of tax under the Retailers' Occupation Tax Act or any other tax due to the State of Illinois, he or she issues or delivers a check or other order upon a real or fictitious depository for the payment of money, knowing that it will not be paid by the depository."

56. 720 ILCS 5/17-1(E) provides:

   (E) Civil liability. A person who issues a check or order to a payee in violation of paragraph (B)(1) and who fails to pay the amount of the check or order to the payee within 30 days following either delivery and acceptance by the addressee of a written demand both by certified mail and by first class mail to the person's last known address or attempted delivery of a written demand sent both by certified mail and by first class mail to the person's last known address and the demand by certified mail is returned to the sender with a notation that delivery was refused or unclaimed shall be liable to the payee or a person subrogated to the rights of the payee for, in addition to the amount owing upon such check or order, damages of treble the amount so owing, but in no case less than $100 nor more than $1,500, plus attorney's fees and court costs. An action under this subsection (E) may be brought in small claims court or in any other appropriate court. As part of the written demand required by this subsection (E), the plaintiff shall provide written notice to the defendant of the fact that prior to the hearing of any action under this subsection (E), the defendant may tender to the plaintiff and the plaintiff shall accept, as

satisfaction of the claim, an amount of money equal to the sum of the amount of the check and the incurred court costs, including the cost of service of process, and attorney's fees.

57. The Defendants violated 720 ILCS 5/17-1(B)(1) each and every time they issued Plaintiff a check that was dishonored.
58. Plaintiff made demand in the manner required by 720 ILCS 5/17-1(E) to each Defendant as to each and every check in Exhibit A. Despite said demand, Defendants have heretofore failed to tender payment of the amounts due.
59. Each and every check in Exhibit A represents a separate violation of 720 ILCS 5/17-1(B).
60. As a result of its violations of 720 ILCS 5/17-1(B), Plaintiff is entitled to damages calculated under 720 ILCS 5/17-1(E) in the following amounts:

| Count | Check Date | Amount of Check | Treble damages under 720 ILCS 5/17-1(E) (max $1,500) |
|---|---|---|---|
| V | 8/2/2014 | $473.30 | $1,419.90 |
| VI | 8/2/2014 | $680.95 | $1,500.00 |
| VII | 8/8/2014 | $473.29 | $1,419.87 |
| VIII | 3/13/2015 | $478.64 | $1,435.92 |
| IX | 3/20/2015 | $478.64 | $1,435.92 |
| X | 3/27/2015 | $478.55 | $1,435.65 |
| XI | 4/3/2015 | $478.65 | $1,435.95 |
| XII | 4/10/2015 | $478.63 | $1,435.89 |
| XIII | 4/17/2015 | $478.65 | $1,435.95 |
| XIV | 7/10/2015 | $478.64 | $1,435.92 |
| XV | 7/31/2015 | $478.63 | $1,435.89 |
| XVI | 12/18/2015 | $485.12 | $1,455.36 |
| XVII | 12/25/2015 | $474.42 | $1,423.26 |
| XVIII | 9/2/2016 | $494.45 | $1,483.35 |
| | **Totals** | $6,910.56 | $20,188.83 |

WHEREFORE, Plaintiff respectfully request that this Honorable Court enter judgment in his favor and against Defendants, for $20,188.83.

**Prayer for Relief**

WHEREFORE, Plaintiff respectfully requests that this Honorably Court enter judgment in favor of Plaintiff, Jose Ramirez, and against all Defendants, jointly and severally, as follows:

1. On Count I, $11,190.56 plus statutory damages of 2% of the amount of wage underpayments for each month following the date of payment during which such

underpayments remain unpaid, plus court costs and reasonable attorney fees pursuant to Section 14 of the IWPCA;

2. On Count II, $7,336.00 plus Plaintiff's court costs and reasonable attorney's fees pursuant to Section 216 of the FLSA;

3. On Count III, $7,336.00 plus statutory damages of 2% of the amount of underpayments for each month following the date of payment during which such underpayments remain unpaid, plus court costs and reasonable attorney fees pursuant to Section 12 of the Illinois Minimum Wage Act;

4. On Count IV, $11,190.56;

5. On Counts V-XVIII, $20,188.83 plus court costs and reasonable attorney fees pursuant to 720 ILCS 5/17-1(E).

| | |
|---|---|
| William M. Tasch – Atty. No. 6304126<br>ILLINOIS ADVOCATES, LLC<br>77 W. Washington St., Ste 2120<br>Chicago, IL 60602<br>Ph. 312.818.6700<br>Fx. 312.492.4804<br>William.tasch@iladvocates.com<br>info@iladvocates.com | Respectfully Submitted,<br><br>By: /s/ William M. Tasch<br>    Attorney for Plaintiff |